**Dated: March 31, 2017**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

NICHOLAS E. THOMPSON,                            Case No. 16-80071-TRC
                                                                                           Chapter 13

                   Debtor.

**OPINION DISALLOWING PROOF OF CLAIM
AND DENYING CONFIRMATION OF AMENDED PLAN**

The Court is faced with two issues: 1) whether to allow an untimely proof of claim filed by the Debtor's home mortgage creditor, JPMorgan Chase Bank; and 2) whether to confirm the Debtor's Amended Plan which proposes to pay nothing on the mortgage debt but be deemed current on his mortgage at the conclusion of his chapter 13 plan. For reasons set forth below, the Court finds that it must disallow Chase's late-filed claim, but it cannot confirm the Debtor's Amended Plan as proposed.

**I.     Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L).

## II. Background

This case was filed on February 1, 2016. The Notice of Chapter 13 Bankruptcy was entered and mailed to creditors, including Creditor JPMorgan Chase Bank ("Chase"), that same day. The Notice provided that the Meeting of Creditors would be held March 10, 2016, a confirmation hearing would be held April 7, 2016 with objections to the Plan due the Friday before, and that creditors desiring to receive a distribution under the chapter 13 plan must file a proof of claim by June 8, 2016. Debtor filed his Plan and Summary of Plan on February 12, 2016. He mailed notice to JPMorgan Chase Bank. Debtor's Plan listed Chase's secured claim on his homestead at $ 82,944.58, payable at the contract rate of interest, and listed a pre-petition arrearage of $ 10,500. Debtor proposed a sixty month plan term, including $ 760 a month on the principal amount, and $ 175 a month on the arrearage claim.

The Plan contains numerous notices to creditors that they must file a proof of claim and participate in the confirmation process if they expect to receive distributions under the plan. The Plan begins with this warning:

**NOTICE TO CREDITORS: YOU SHOULD READ THIS PLAN. EACH PARAGRAPH CONTAINS INFORMATION AND TERMS WHICH MAY AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO PAYMENT OF YOUR CLAIM AND RETENTION OF YOUR LIEN RIGHTS OR SECURITY INTEREST. FAILURE TO OBJECT TO CONFIRMATION OF THIS PLAN OR FAILURE TO TIMELY FILE A PROOF OF CLAIM MAY RESULT IN THE LOSS OF YOUR SECURITY INTEREST OR RIGHT TO PAYMENT. YOU SHOULD CONSULT AN ATTORNEY FOR LEGAL ADVICE.**

Following this opening, Section 1 of the Plan includes the definitions of terms used in the plan.

> X. Allowed Claims. The following definitions shall apply where no Objection to Claim or Motion to Disallow is filed. Where an Objection to Claim or Motion to Disallow are filed the Allowed Claim Amount shall be the amount allowed pursuant

to order of the Court. The Court may completely disallow any secured or unsecured claim that is tardily filed.

. . .

> b.  The Allowed Class II.A. Continuing Payment Amount shall be amount claimed by the creditor in its timely filed claim. If the creditor fails to file a claim timely then the Allowed Class II.A. Continuing Payment Amount shall be the lesser of the amount provided for by the Summary of Plan or the amount requested in the Proof of Claim from the Beginning Month until the first payment due in the month following the month the claim is filed at which time the Allowed Class II.A. Continuing Payment Amount shall be the amount claimed by the creditor. The Allowed Class II.A. Continuing Payment Amount may only change prospectively based upon a Notice of Mortgage Payment Change or Amended Claim.
>
> c.  The Allowed Class II.B. Pre-Petition Arrearage Claim shall be the amount claimed by the creditor in a timely filed claim.

The plan also states that where default is cured and payments maintained on long term debts, liens are retained and the debt shall be declared fully reinstated:

> **SECTION 5. Classification and Treatment of Claims (11 U.S.C. §§1322 and 1325).**
> **CLASS II: Claims provided for under 11 U.S.C. §1322(b)(5).**
>
> Class II Claims are long term debts for which the default will be cured under Class II.B and/or the payments will be maintained until the filing of the Notice of Completion of Plan Payments. Class II claims are not discharged upon entry of a discharge and creditors holding Class II claims shall retain their liens under applicable non-bankruptcy law except that waiver, estoppel, laches and/or issue preclusion shall apply to the creditor and the debt so that the debt shall be fully reinstated on the filing of the Notice of Completion of Plan Payments. . . .

Chase's counsel, Michael J. George III, entered an appearance on March 7, 2016, and filed an Objection to Confirmation. The Objection stated that Chase held a secured claim of $ 90,789.36 plus interest at 3.875%, costs and attorney's fees on real property in Ardmore, Oklahoma. It also stated that the pre-petition arrearage was approximately $ 11,180.64 plus interest. This amount was only $ 680.84 more than Debtor's plan proposed to pay Chase as a Class II.B Pre-Petition Arrearage

Claim. Chase requested that the Court either modify the plan to pay the arrearage claim in full with interest or deny confirmation of the Plan.

Debtor was granted a continuance of the confirmation hearing because Chase had not yet filed its proof of claim. Chase did not file a proof of claim by the deadline on June 8, 2016. Debtor filed an Amended Plan and Summary on June 24, 2016 (Doc. 34) proposing to pay Chase's pre- and post petition arrearage claim in full at 0% interest, and $ 760 a month on the principal amount at the contract rate of interest. Chase did not file an objection to this plan but the plan was withdrawn and on July 27, 2016, another Amended Plan and Summary was filed (Doc. 42). This Amended Plan proposed a twenty-six month plan with $ 0 being paid to Chase. The Amended Plan provided:

> The deadline for non-governmental creditors to file a proof of claim was June 8, 2016. The mortgage creditor, JPMorgan Chase Bank, NA, has failed to file a claim for the Debtor's homestead. No payment will be made through the plan to JPMorgan Chase Bank, NA, and the debt shall be deemed current upon conclusion of the 26 month plan.

Two days later, Dustin Perry and John Richer entered their appearance as counsel for Chase, and filed an Objection to Confirmation of this Amended Plan (Doc. 47). On August 1, 2016, Mr. George filed a Proof of Claim on behalf of Chase. The Claim was for $ 90,789.36 in principal, and $ 11,180.64 in pre-petition arrearages, with an interest rate of 3.875%. Chase indicated that its claim did not amend a previously-filed claim. Amanda Wells, Vice President of Chase in Monroe, Louisiana, completed and executed the proof of claim on July 29, 2016.

Debtor filed an Objection to Chase's proof of claim (Doc. 48). Debtor urged the Court to disallow Chase's claim as untimely pursuant to 11 U.S.C. § 502(b)(9), and Debtor again requested that the Court order the debt to Chase be deemed current upon conclusion of the Plan. Trustee filed a Response to Debtor's Objection (Doc. 52) stating his support for disallowance of the claim on the

grounds that it was not filed by the claims bar date of June 8, 2016 despite numerous pleas from his office to do so. Chase filed a response to these objections (Doc. 55) admitting that it did not file a timely proof of claim and that failure to do so prevented it from receiving distributions under the plan. Chase also moved for summary judgment asserting that its proof of claim should be allowed and that its objection to confirmation should be sustained.

Chase and Trustee entered into the following stipulation:[1]

1. The Creditor's objection to confirmation filed on March 7, 2016 does not constitute an informal proof of claim;

2. The Creditor is not alleging that it has an informal proof of claim;

3. The Creditor did not file a claim by the bar date;

4. The Creditor is not asserting excusable neglect as a basis for its failure to file a claim;

5. The Creditor is not asserting any equitable basis for its failure to file a timely claim;

6. The Creditor timely received notice of the bar date;

7. The bar date was June 8, 2016;

8. The Creditor filed its proof of claim on August 1, 2016;

9. Neither the Debtor nor the Trustee filed a claim for the Creditor pursuant to F.R.B.P. 3004;

10. Neither the Debtor nor the Trustee were obligated to file a claim on the Creditor's behalf pursuant to F.R.B.P. 3004.

The Court has held hearings on the objection to claim and confirmation of the Amended Plan, as well as on the summary judgment motion and responses. The parties assure the Court that no evidence need be presented and that the matters should be submitted and evaluated based upon the

---

[1] Doc. 74, Agreed Order on Trustee's Motion to Compel, November 28, 2016.

record, their briefs and stipulations. Chase moves for summary judgment and urges this Court to: 1) allow its late proof of claim and 2) sustain its objection to Debtor's Amended Chapter 13 Plan by denying confirmation. It argues that failure to provide for payment of Chase's pre-petition arrearage claim in full through the plan is an impermissible modification of Chase's rights which prevents this Court from confirming Debtor's plan.

Chase's position is disputed by Trustee and Debtor. Both argue that late-filed proofs of claim must be disallowed, and that Chase must meet the deadlines set by this Court if it wishes to receive distributions under the plan. They also argue that failure to adhere to those deadlines should result in Debtor being declared current on his mortgage with Chase at the end of the plan term. Trustee suggests that should the Court disallow Chase's claim, he could make ongoing postpetition payments on the mortgage, although that provision does not appear to be in the Amended Plan and Summary before the Court. For reasons set forth below, the Court cannot fully endorse either approach. Instead, the Court will disallow Chase's Proof of Claim but it must also deny confirmation of Debtor's Amended Plan as proposed.

**III. Objection to Chase's Proof of Claim.**

    **A.    Chase's Late-filed Proof of Claim is Disallowed Pursuant to § 502(b)(9).**

Where an objection to a filed proof of claim is filed as it was in this case, § 502(b) states that the court shall determine the amount of the claim and allow the claim, "except to the extent that — (9) proof of such claim is not timely filed . . . ."[2] Since Chase's proof of claim was not timely filed, and since Debtor and Trustee filed objections to the claim, Chase's claim is disallowed pursuant to

---

[2]Two exceptions are stated, neither of which apply here. One references tardy claims filed in chapter 7 cases under § 726(a). The other exception is for claims of governmental units, which have an extended bar date of 180 days after the order for relief, and an additional 60 days after debtor files a tax return.

§ 502(b)(9). The Court has no discretion here but to disallow a late-filed claim once an objection is raised, particularly when Chase has stipulated that it had notice of the bar deadline and no excusable neglect exists.[3]

The result of the disallowance of a claim is that Chase may not receive distributions under the plan. The terms of the plan plainly provide that failure to timely file a proof of claim may result in loss of payment under the plan. The Court sustains Debtor's objection only on the ground that Chase's proof of claim was filed after the bar date. It declines to grant Debtor's request in his objection that he be deemed current on his mortgage at the conclusion of the plan for reasons explained below. The Court declines to sustain Debtor's objection to Chase's claim on any ground other than untimeliness.

### B. Requiring Chase to File a Timely Proof of Claim is not an Improper Modification of Chase's Rights.

Chase admits that it filed an untimely proof of claim but argues that as a secured creditor it is not obligated to file a claim. While Chase is correct, and Trustee does not dispute this position, the Court believes that all creditors, whether secured or unsecured, must file a proof of claim if they hope to have an allowed claim and participate in plan distributions. The Court adopts the reasoning of the Seventh Circuit in *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015), that all creditors, unsecured and secured, who wish to receive distributions under a chapter 13 plan must file a timely

---

[3]Trustee suggested at a hearing that the Court could disallow part but not all of the late-filed claim to which an objection has been made. He provided no authority for that position nor guidance as to how the Court could implement a mechanism to review late-filed claims for partial disallowance. The Court declines the offer to take on this task, particularly when the Code and Rules provide another mechanism for dealing with late-filed claims through a plan. *See* 11 U.S.C. § 501(c) and Fed. R. Bankr. P. 3004. *See also* 11 U.S.C. § 502(a).

proof of claim in accordance with Fed. R. Bankr. P. 3002(c).[4] Chase admits it had proper notice of the deadline and that it received Debtor's plan and amended plans. The Court has recited the notices and pertinent provisions of the plan. It is clear to the Court that under the plan adopted in this District, a creditor who wishes to participate in distributions through the plan must timely file a proof of claim, whether secured or unsecured. Requiring the filing of a proof of claim to participate in distributions under the plan is not a modification of Chase's rights under the mortgage. The Court is not voiding nor determining the amount of Chase's lien by disallowing its claim. As all parties agree, a secured creditor's lien is largely unaffected by the bankruptcy process and Chase is not required to file a proof of claim in order to preserve its lien. *See Pajian*, 785 F.3d at 1163; *In re Matteson*, 535 B.R. 156, 163-164 (6th Cir. 2015)(citations omitted). Thus, the Court is not impermissibly modifying Chase's rights by disallowing its claim under § 502(b)(9).

        **C.    Chase's Claim May Not Be Allowed Under § 502(j).**

Based upon Chase's stipulation that it is not asserting any equitable basis for allowance of its claim, the Court assumes that Chase waives its suggestion that the Court could allow the claim "for cause" or as a matter of equity under 502(j). However, to clarify, the Court does not believe there is cause to allow Chase's disallowed claim on any ground based upon the stipulations and facts before it. When the Court balances the equities, they do not tip in Chase's favor to persuade it to allow Chase's late-filed claim.

**IV.    Confirmation of the Amended Plan.**

---

[4] *See also, In re Boucek*, 280 B.R. 533 (Bankr. D. Kans. 2003)(after review of chapter 13 cases, court finds that secured creditor in chapter 12 case must file a timely proof of claim to have an allowed claim and receive plan distributions, but does not lose its lien by failing to do so.)

Nothing in the Bankruptcy Code or Rules tells courts what they are supposed to do when a secured creditor does not file a timely proof of claim. Although Chase failed to timely file its proof of claim, it did file an objection to confirmation of Debtor's original plan and to Debtor's Amended Plan. The basis for Chase's objection is that the plan does not pay its claim in full. The Notice to Creditors appearing at the beginning of the plan states: "**FAILURE TO OBJECT TO CONFIRMATION OF THIS PLAN OR FAILURE TO TIMELY FILE A PROOF OF CLAIM MAY RESULT IN THE LOSS OF YOUR SECURITY INTEREST OR RIGHT TO PAYMENT.**" The warning is in the disjunctive: object or timely file a claim. Chase objected to confirmation. Thus, under this language, it could be argued that it did enough to put Debtor on notice that it does not like the treatment of its debt and confirmation should be denied.

However, as the Court has already determined, it has no choice but to disallow Chase's untimely proof of claim. Fed. R. Bankr. P. 3021 provides that Trustee can only make distributions to creditors whose claims have been allowed, not on claims that are disallowed, so it follows that a plan that excludes payment on a disallowed claim is confirmable. Debtor is entitled to present a plan that does not make distributions on disallowed claims. Further, § 1325 addresses confirmation of plans that provide for allowed secured claims. Chase's claim is not allowed so a plan that does not include Chase's disallowed claim does not appear to run afoul of § 1325. And, the Court also believes that Chase's treatment under the Amended Plan is primarily a result of its own making. Thus, the Court believes that it could confirm a plan that makes no payment on Chase's disallowed claim, despite Chase's objection to confirmation.

But the Amended Plan Debtor proposes goes beyond that. The question before the Court is whether it can confirm a plan that makes no provision to pay a claim secured only by a security interest in real property that is the debtor's principal residence but includes a provision that the

mortgage shall be deemed current at the end of the plan, effectively resulting in the curing of any default? Under the facts presented in this case, the Court finds that it cannot. First, such a determination is premature. The Court will not confirm a plan today that predetermines a result months in the future. As Trustee suggests, the Court may determine the amount of Chase's lien upon completion of the case based upon evidence to be presented then. While the Court agrees that under the terms of the plan, no distribution may be made on claims that are disallowed, it will not confirm a plan over the secured creditor's objection that proposes to reduce the debt owed under Debtor's mortgage and declare him current without making any attempt to cure default or maintain payments during the life of that plan. The Court cannot determine at this stage of the case whether Debtor can be deemed current based upon the information presented.

Second, the Bankruptcy Code makes special provision for home mortgage creditors in § 1322(b)(2): debtors may not propose a plan the modifies the rights of their mortgage creditor. There is no further explanation of what an impermissible modification of those rights might be, except as is found in subsection (b)(5) for debts that will continue after the end of the plan. Permissible modifications identified therein are curing a default on such secured claims "within a reasonable time" and maintenance of payments during the life of the plan. So long as the plan complies with the provisions of chapter 13, has been proposed in good faith and not by any means forbidden by law, the court "shall" confirm it. 11 U.S.C. § 1325. Thus, unless this Court finds that Debtor's plan, which makes no provision to pay Chase, is an impermissible modification of Chase's rights, or is proposed in bad faith or in violation of law, it shall confirm his plan.

As Chase has asserted, its rights as a secured creditor under the mortgage are determined by the relevant mortgage instruments and state law.[5] As identified in *Nobelman,* Chase identifies those

---

[5] *Nobelman v. Am. Sav. Bank*, 508 U.S. 324 (1993).

basic rights as right to repayment of the principal plus stated amounts of interest, right to retain its lien until the debt is paid off, the right to accelerate upon default and right to foreclose. Under the terms of the promissory note and mortgage Debtor promised to pay principal and interest by making a payment every month in the amount stated in the note. He promised to pay interest at the rate of 6.25%, and he promised to pay certain expenses and charges. The mortgage requires continuing escrow payments. Those are basic rights that cannot be modified, within the purview of *Nobelman.* To the extent Debtor's plan attempts to force Chase to credit his account for payments that he promised to make but will make no attempt to pay, the Court finds that this is an improper modification of Chase's rights under the note and mortgage and it cannot confirm such a plan.

Chapter 13 provides debtors a way to retain their property while paying their debts over a fixed period of time. Plan terms as outlined in § 1322 contemplate that debtors who want to keep their homes will make some attempt to cure default and make regular monthly payments if they intend to exit bankruptcy caught up and current on those mortgages and not facing foreclosure. Here, however, Debtor wants to gain the protections afforded him by bankruptcy such as the automatic stay, without servicing his debt. By failing to timely file a proof of claim, Chase has waived its right to receive payment under Debtor's plan. However, this does not result in the waiver of its rights to receive payment on the debt. In accordance with the terms of the mortgage, Debtor is required to service the debt in some way. If he fails to do this, he will exit bankruptcy in default to Chase and Chase will no doubt attempt to enforce its rights to the property in accordance with the note and mortgage under state law. *See In re Matteson*, 535 B.R. 156 (6th Cir. 2015).

The Court understands the dilemma: Debtor and Trustee are frustrated by Chase's failure to abide by deadlines. Chase is a sophisticated creditor, well-represented by attorneys who regularly practice in bankruptcy court. Indeed, Chase concedes that the consequence of its failure to timely

file its proof of claim is that it receive no distributions through the plan. But, Debtor and Trustee fail to cite any authority for their position that the mortgage can be deemed current at the end of the plan without Debtor curing any defaults or making any payments to Chase during the life of the plan. The facts of this case are not like the cases cited by Trustee. Here, Chase has been involved in the case from the beginning, vigorously objecting to its treatment under Debtor's proposed plans. In *In re Henry*, 532 B.R. 844 (Bankr. N.D. Okla. 2014), the debtor made a good faith effort to propose a plan that cured the pre-petition arrearage during the life of the plan and provided for ongoing regular monthly payments to be made through the plan. Chase did not object, and the plan was confirmed. When Chase failed to file its own proof of claim, debtor filed one that matched the plan. Chase didn't object to that proof of claim. It was only when Chase attempted to file an amended claim two years later that the bankruptcy court decided it had waived its right to collect the additional amounts and that the debtor was not required to modify the confirmed plan to pay the additional arrearage claim. Similarly, in *In re Alonso,* 525 B.R. 195 (Bankr. D. P.R. 2015), the debtor's plan paid the mortgage creditor the amounts requested in the creditor's timely proof of claim. When the creditor attempted to amend its claim in month 57, the court granted debtor's objection to the amended claim and found that not paying the additional arrearage claim in full was not an impermissible modification of the mortgage creditor's rights. And in *In re Negron*, No. 09-06350, 2015 WL 3634234 (Bankr. D. P.R. June 10, 2015), debtor proposed and confirmed a plan that cured pre-petition arrearages and maintained regular monthly payments, in accordance with the mortgage creditor's timely proof of claim. When the creditor attempted to amend its claim in month 60, the court understandably refused.[6]

---

[6]Chase cites *Matter of Brown*, 559 B.R. 704 (Bankr. N.D. Ind. 2016) as authority for its position that confirmation of Debtor's plan would be an impermissible modification of its rights. However, the facts of that case are distinguishable: the mortgage creditor filed a timely proof of

These cases are a far cry from the facts present here. Debtor is making no attempt to cure the pre-petition arrearage and making no attempt to maintain regular payments through his plan. Chase heeded the warning in the Plan and filed an objection to confirmation. Although the Court does not believe it has authority to order that payments be made on a disallowed claim, it can decline to confirm this plan with its proviso that deems the mortgage current after twenty-six months without payment. If Debtor wanted to ensure that he would be deemed current on the mortgage and not exit bankruptcy in default on his mortgage, he had an opportunity to do so. Pursuant to § 501(c) and Fed. R. Bankr. P. 3004, either Debtor or Trustee could have filed a proof of claim on behalf of Chase within 30 days after the claims filing deadline. The Court understands that they are not required to do this and chose not to do so in this case. However, the Court is of the opinion that if debtors expect to receive chapter 13's benefits of the automatic stay while curing defaults and maintaining payments on long-term secured debt they should take advantage of this opportunity to do so. *See Matteson*, 535 B.R. at 164 (6th Cir. BAP 2015); *In re Heft*, No. 16-70536, 2017 WL 633318, at *9 (Bankr. C.D. Ill. Feb. 16, 2017).

The Court declines to confirm Debtor's Amended Plan as proposed. The Court may be required to confirm a plan that makes no payments on disallowed claims. However, it will not prematurely determine that Debtor's mortgage will be deemed current upon conclusion of the plan where a Debtor makes no attempt to cure a default or maintain ongoing monthly payments, and where the secured creditor has objected to the Debtor's plan throughout the confirmation process. The results here cannot be palatable to either Debtor, Trustee or Chase, but they have no one to blame but themselves. Both sides missed their respective deadlines and opportunities to achieve

---

claim, no objection was raised to its claim, and debtor and trustee agreed that reducing an arrearage claim to zero in the event a timely claim was not filed was an impermissible modification of the mortgage creditor's rights.

their goals in this case. The Court cannot fashion a remedy under this set of facts. Time has expired for each party to file a proof of claim. No extension was requested by Debtor or Trustee. Although the parties are free to explore another way for Debtor to cure his default and make ongoing payments on the mortgage post-petition, the Court is unable to find any authority that would allow it to confirm a plan that makes payments on a disallowed claim.[7] Instead, all the Court can do is deny confirmation of the Amended Plan, and give Debtor fourteen days to file another plan that does not include the provision that he be deemed current and default cured at the end of the plan.

## V.     Conclusion

Chase's proof of claim will be disallowed on the grounds that it was filed after the bar date. Debtor's Amended Plan as proposed cannot be confirmed. Debtor is directed to file an amended plan. A separate order consistent with this Opinion will be entered.

###

---

[7] *See Pajian*, 785 F.3d at 1163: "A debtor may object—and a court must disallow the claim—if the creditor's proof of claim is not timely filed." Under Fed. R. Bankr. P. 3021, an allowed claim is necessary to receive distributions under a confirmed plan.